IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PENNFIELD OIL COMPANY, d/b/a Pennfield Animal Health, a Nebraska Corporation, | ) ) ) ) | CIVIL NO. 8:09CV345 |
| Plaintiff, | ) ) | |
| v. | ) ) | REPORT OF PARTIES' PLANNING CONFERENCE |
| ALPHARMA, INC., a Delaware Corporation | ) ) | |
| Defendant. | ) ) | |
| ALPHARMA, INC., a Delaware Corporation | ) ) | |
| Counterclaim-Plaintiff, | ) ) ) | |
| v. | ) ) | |
| PENNFIELD OIL COMPANY, d/b/a Pennfield Animal Health, a Nebraska Corporation, | ) ) ) ) | |
| Counterclaim-Defendant. | ) ) | |

Counsel for the parties met by telephone on December 16, 2009. Representing plaintiff and counterclaim defendant was Brien M. Welch; representing defendant and counterclaim plaintiff was R. William Beard, Jr.. The parties discussed the case and jointly, except as noted below, make the following report:

1. The elements of plaintiff's claim and the elements disputed by the defendant are as follows:

   a. Jurisdiction – admitted

   b. Venue – admitted

   c. CLAIM I: Lanham Act, Section 43a and 15 U.S.C. §1125(a)

   (1) Defendant made false statements (literally false or creates a false impression) of fact;

    (2)    Statement "actually deceived" or had the "tendency to deceive a substantial segment" of its audience;

    (3)    The deception created was material;

    (4)    Defendant caused the false statement to enter interstate commerce; and

    (5)    Plaintiff is likely to be injured as a result of Defendant's false advertisement.

Of those elements, defendant disputes the following elements: ALL.

d. CLAIM II: Nebraska Consumer Protection Act, Neb. Rev. Stat. §59-1602 et. seq.

    (1)    Defendant engaged in unfair method of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce;

    (2)    Injury to Plaintiff's business;

    (3)    Actual damages; and

    (4)    Defendant's advertising directly or indirectly affected the people of the State of Nebraska.

Defendant argues that the Nebraska Consumer Protection Act also requires that the plaintiff prove the action possessed the tendency or capacity to mislead or create the likelihood of deception. *Stenberg v. Consumer's Choice Foods, Inc.*, 755 N.W.2d 583, 591 (Neb. 2008). Plaintiff argues that this is not an element of the Nebraska Consumer Protection Act, absent a contract between merchants.

Of those elements, defendant disputes the following elements: ALL.

2. The elements of the defenses raised by the pleadings are:

a.    FIRST DEFENSE: Failure to state a claim

Elements:

    (1)    Proof beyond doubt that plaintiff can prove no set of facts in support of its claims which should entitle it to relief.

Of these elements, plaintiff disputes the following elements: ALL.

b.    SECOND DEFENSE: Statements in Exhibits A through D to the Complaint are truthful, accurate, and substantiated by reliable testing

Elements:

      (1)    Statements are literally true and assertions supported by testing are substantiated by reliable testing.

      Of these elements, plaintiff disputes the following elements:  ALL.

c.    THIRD DEFENSE: Exhibits C and D are not commercial advertisements or promotions

      Elements:

      (1)    Statements were not used in trade or commerce.

      Of these elements, plaintiff disputes the following elements:  ALL.

d.    FOURTH DEFENSE: No liability to Plaintiff because the people of the State of Nebraska were not affected

      Elements:

      (1)    There was no direct or indirect impact on the people of the State of Nebraska from a statement or action.

      Of these elements, plaintiff disputes the following elements:  ALL.

e.    FIFTH DEFENSE: Laches

      Elements:

      (1)    A delay in asserting a right or a claim;

      (2)    That the delay was not excusable; and

      (3)    That there was undue prejudice to the party against whom the claim is asserted.

      Of these elements, plaintiff disputes the following elements:  ALL.

f.    SIXTH DEFENSE: Acquiescence

      Elements:

      (1)    Failure to object to a course of action; and

      (2)    An implicit assurance that no objection would be made.

      Of these elements, plaintiff disputes the following elements:  ALL.

g.    SEVENTH DEFENSE: Waiver

      Elements:

      (1)    Plaintiff surrendered its right to complain about the action by failing to notify defendant of a perceived problem.

Of these elements, plaintiff disputes the following elements:  ALL.

h.     EIGHT DEFENSE: Promissory and equitable estoppel

Elements:

(1)     Defendant was not and is not aware of any fault in its scientific evidence or conclusions and relied in good faith on Plaintiff's perceived approval of Defendant's scientific evidence and conclusions.

Of these elements, plaintiff disputes the following elements:  ALL.

i.     NINETH DEFENSE: Unclean hands

Elements:

(1)     Wrongful acts by plaintiff; and

(2)     Those wrongful acts affect the equitable relations between the parties with respect to this controversy.

Of these elements, plaintiff disputes the following elements:  ALL.

j.     TENTH DEFENSE: Failure of condition precedent.

Elements:

(1)     Plaintiff failed to timely raise its objection directly to Defendant or the appropriate regulatory authorities.

Of these elements, plaintiff disputes the following elements:  ALL.

k.     ELEVENTH DEFENSE: Failure to mitigate damages

Elements:

(1)     Failure to take reasonable efforts to minimize damage.

Of these elements, plaintiff disputes the following elements:  ALL.

l.     TWELFTH DEFENSE: Duplicative or unnecessary

Elements:

(1)     Plaintiff's claims are duplicative and/or unnecessary.

Of these elements, plaintiff disputes the following elements:  ALL.

m.     THIRTEENTH DEFENSE: Mootness

Elements:

  (1) No remaining actual or justiciable case or controversy

 Of these elements, plaintiff disputes the following elements:  ALL.

 n. FOURTEENTH DEFENSE: Deference to regulatory agency

 Elements:

  (1) Plaintiff's claims present issues that are properly regulated by a federal agency to ensure uniformity of regulatory policy and technical interpretation.

 Of these elements, plaintiff disputes the following elements:  ALL.

 3. <u>COUNTERCLAIM</u> The elements of the counterclaim plaintiff's counterclaims and the elements disputed by counterclaim defendant are as follows:

 a. Jurisdiction – admitted

 b. Venue – admitted

 c. COUNTERCLAIM I. Lanham Act, Section 43a, 15 U.S.C. §1125(a) FALSE AND MISLEADING ADVERTISING UNDER LANHAM ACT

  Alpharma alleges that Pennfield made false and misleading statements that it was "#1 in Tetracyclines" and "The Technology Leader in Tetracyclines". Plaintiff claims as a result of the false and misleading statements it has sustained damages and injuries which will be proven at time of trial.

  (1) Counterclaim defendant made false statements (literally false or creates a false impression) of fact;

  (2) Statement "actually deceived" or had the "tendency to deceive a substantial segment" of its audience;

  (3) The deception created was material;

  (4) Counterclaim Defendant caused the false statement to enter interstate commerce; and

  (5) Counterclaimant is likely to be injured as a result of Counterclaim Defendant's false advertisement.

 Of these elements, plaintiff and counterclaim defendant Pennfield disputes the following elements:  ALL.

     d.     COUNTERCLAIM II. Violation of the Nebraska Consumer Protection Act, Neb. Rev. Stat. §59-1602.FALSE AND MISLEADING ADVERTISING UNDER NEBRASKA CONSUMER PROTECTION ACT

     (1)     Counterclaim Defendant engaged in unfair method of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce;

     (2)     Injury to counterclaimant's business;

     (3)     Actual damages; and

     (4)     Counterclaim Defendant's advertising directly or indirectly affected the people of the State of Nebraska.

Counterclaim Plaintiff argues that the Nebraska Consumer Protection Act also requires that the plaintiff prove the action possessed the tendency or capacity to mislead or create the likelihood of deception. *Stenberg v. Consumer's Choice Foods, Inc.*, 755 N.W.2d 583, 591 (Neb. 2008). Counterclaim Defendant argues that this is not an element of the Nebraska Consumer Protection Act, absent a contract between merchants.

Of these elements, plaintiff and counterclaim defendant disputes all elements as contained within Claim II.

     e.     COUNTERCLAIM III: Declaratory Judgment Act, 28 U.S.C. §§2201 to 2202.DECLARATORY JUDGMENT

     (1)     Actual and justiciable case or controversy;

     (2)     A declaratory judgment setting forth the respective rights of the parties on each issue is necessary to resolve the controversy; and

     (3)     Establishment of one or more substantive item, including:

          (a)     Alpharma's publications attached as Exhibits A through D to the Complaint were truthful and/or did not constitute advertisements or promotions;

          (b)     Pennfield's advertisement attached as Exhibit 1 to the Answer and Counterclaims is false and misleading; and

          (c)     Alpharma is entitled to recover costs, including attorneys' fees, and disbursement incurred in connection with this action.

Of these elements, plaintiff and counterclaim defendant Pennfield disputes the following elements:  ALL.

4. The elements of the counterclaim defenses raised by the pleadings are:

a. First Defense: Alpharma's Counterclaim fails to state a cause of action upon which relief can be granted.

Elements:

(1)  Proof beyond doubt that counter plaintiff can prove no set of facts in support of its claims which should entitle it to relief.

Defendant and counterclaim plaintiff disputes this affirmative defense and all elements thereof.

b. Second Defense: Pennfield affirmatively states that all statements attributed to Pennfield are truthful and accurately reflect the nature and characteristics of the quality of the product.

Elements:

(1)  Statements are literally true and accurately reflect the nature and characteristics of the quality of the product.

Of the second defense, defendant and counterclaim plaintiff disputes all of those elements.

c. Third Defense: Pennfield states the statements contained within advertising are commercial speech are truthful.

Elements:

(1)  Statements were used in trade or commerce; and
(2)  Statements used in trade or commerce are literally true and accurately reflect the nature and characteristics of the quality of the product.

Of the above-stated defense, defendant and counterclaim plaintiff disputes all of this defense and the elements attached thereto.

d. Fourth Defense: Plaintiff and counterclaim defendant states that Alpharma is seeking federal declaratory relief pursuant to 28 U.S.C. §§2201 through 2202 should be dismissed and that the claim is not subject to the Federal Declaratory Judgment Act. Further, that all statements made in Exhibits "A" through "D" are in fact false, misleading and disparaging.

Elements:

(1)  There is no actual and justiciable case or controversy;
(2)  A declaratory judgment setting forth the respective rights of the parties on each issue is not necessary to resolve the controversy; or

      (3)      None of the following substantive items have been established:

           (a)      Alpharma's publications attached as Exhibits A through D to the Complaint were truthful and/or did not constitute advertisements or promotions;

           (b)      Pennfield's advertisement attached as Exhibit 1 to the Answer and Counterclaims is false and misleading; and

           (c)      Alpharma is entitled to recover costs, including attorneys' fees, and disbursement incurred in connection with this action.

Of the above-stated defense, defendant and counterclaim plaintiff disputes all of the defense and elements thereof.

e. Fifth Defense: Plaintiff and counterclaim defendant affirmatively states that Alpharma cannot seek declaratory relief because it has unclean hands in equity. The element is that Alpharma has made false and disparaging advertising in Exhibits "A" through "D" and therefore cannot seek relief in equity.

      Elements:

      (1)      Wrongful acts by defendant and counterclaim plaintiff; and

      (2)      Those wrongful acts affect the equitable relations between the parties with respect to this controversy.

Of the above defense, defendant and counterclaim plaintiff disputes all of them.

5. Of the disputed elements identified above by all parties, discovery will be necessary to resolve all of the elements, defenses and claims of the parties.

6. The plaintiff does anticipate the need to amend pleadings, but not parties. The plaintiff can file necessary motions to amend the pleadings on or before June 1, 2010. The reason why additional time is necessary is that plaintiff anticipates, through discovery, additional advertising may be developed which is further false and misleading such that the Complaint will need to be amended. That plaintiff can only obtain this advertising through discovery.

7. The defendant does anticipate the need to amend pleadings, but not parties. The defendant can file necessary motions to amend the pleadings on or before June 1,

2010. The reason why additional time is necessary is that defendant anticipates, through discovery, additional advertising may be developed which is further false and misleading such that the Answer and Counterclaims will need to be amended. Defendant and counterclaim plaintiff can only obtain this advertising through discovery.

8. The parties state that discovery is needed in order to determine whether claims or defense can be determined by summary judgment and anticipate that discovery can be completed by November 1, 2010.

9. The parties submit the following plan for completion of discovery:
   a. Disclosures required by Rule 26(a)(1), should be completed by February 1, 2010.  The parties waive the requirement to include a statement of how each matter disclosed relates to the elements of the disclosing party's claims or defenses.
   b. Forty (40) is the maximum number of Interrogatories, including subparts, that may be served by any party on any other party.  However, the parties reserve the right to request additional interrogatories, if necessary, by motion or by agreement.
   c. _____(Plaintiff contends twenty (20) depositions are necessary as this is a complex case and Defendant contends that only ten (10) depositions are necessary) is the maximum number of depositions that may be taken by plaintiff as a group and defendant as a group.
   d. Depositions shall be limited by Rule 30(d)(2). However, plaintiff and defendant reserve the right to seek additional time to depose certain witnesses and will attempt to agree between the parties prior to the start of the depositions but reserve the right to seek relief from the Court requesting additional time to conduct depositions as provided in Rule 26.
   e. All parties will identify experts with full reports as required by Rule 26(a)(2) by August 1, 2010.  The parties request expert rebuttal reports to

be due on September 14, 2010 and expert discovery to be complete by October 29, 2010.

10.    a. The parties do not request the case be referred immediately for mediation. However, the parties, after sufficient discovery, will confer and if mediation appears to be a reasonable option, the parties agree to cooperate to hire a mediator at a time mutually convenient to all.

11. The parties do not consent to trial by a magistrate judge.

12. The parties anticipate that the case will be ready for trial in March 2011. More than eight months are required because this case will require extensive discovery, which is complex in nature, thus necessitating additional time for discovery and for review by experts and fact witnesses and because of the number of claims, defenses, counterclaims, and counter defenses; the highly complex scientific and regulatory issues raised by the claims and defenses; and the additional fact issues presented by the counterclaims and counterclaim defenses.

13. It now appears to counsel that trial of this case, if necessary, will require _____ (Plaintiff proposes fifteen (15) trial days and Defendant proposes ten (10) trial days).

14. There are no other matters at this time that the parties wish to stipulate to or to bring to the Court's attention.

PENNFIELD OIL COMPANY, d/b/a
PENNFIELD ANIMAL HEALTH, A
Nebraska Corporation, Plaintiff/
Counterclaim Defendant


By    s/ Brien M. Welch
       Brien M. Welch – 18192
OF:   Cassem, Tierney, Adams,
       Gotch & Douglas
       8805 Indian Hills Drive, #300
       Omaha, Nebraska 68114
       402.390.0300
       402.390.9676 (fax)
       bwelch@ctagd.com
       *Attorney for Pennfield Oil Company,*
       *d/b/a Pennfield Animal Health, a*
       *Nebraska Corporation, Plaintiff/*
       *Counterclaim Defendant*

ALPHARMA, INC., Defendant/Counter-
claim Plaintiff


By  s/ Franz M. Stenglein
       Franz M. Stenglein
       Texas State Bar No. 00791729
       *Admitted Pro Hac Vice*
OF:   King & Spalding, LLP
       401 Congress Avenue, #3200
       Austin, Texas 78701
       512.457.2003
       512.457.2100 (fax)
       mstenglein@kslaw.com
       *Attorney for Alpharma, Inc.,*
       *Defendant/Counterclaim Plaintiff*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on December 28, 2009, a true and correct copy of this Report of Parties' Planning Conference was filed and served on Counsel of Record through the United States District Court for the District of Nebraska's CM/ECF system.

                                                  *s/ Franz M. Stenglein*
                                                  Franz M. Stenglein