IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PENNFIELD OIL COMPANY, d/b/a Pennfield Animal Health, a Nebraska corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | 8:09CV345 |
| v. | ) ) | |
| ALPHARMA, INC., a Delaware corporation, | ) ) ) | PROTECTIVE ORDER |
| Defendant. | ) ) | |
| ALPHARMA, INC., a Delaware corporation, | ) ) ) | |
| Counterclaim-Plaintiff, | ) ) ) | |
| v. | ) ) | |
| PENNFIELD OIL COMPANY, d/b/a Pennfield Animal Health, a Nebraska corporation, | ) ) ) ) | |
| Counterclaim-Defendant. | ) ) ) | |

This Protective Order ("Protective Order" or "Order") shall govern the disclosure of documents and information by Plaintiff and Counterclaim-Defendant Pennfield Oil Company d/b/a Pennfield Animal Health ("Pennfield"), Defendant and Counterclaim-Plaintiff Alpharma Inc. ("Alpharma"), referred to individually as "Party" and collectively as "Parties," and non-parties, in connection with the above-styled and numbered matter ("Matter" or "Proceeding") as described below.

Pursuant to Federal Rule of Civil Procedure 26(c), and for good cause shown,

IT IS ORDERED:

1.  This Protective Order shall govern all documents, the information contained therein, and all information produced or disclosed during the Proceeding whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any non-party (with respect to such documents or information produced by the non-party) or Party to this Matter (the "Producing Entity") to any Party (the "Receiving Party"). This Protective Order is binding upon the Parties to this Matter, including their respective corporate parents, subsidiaries, affiliates, successors and assigns, as well as their respective attorneys, agents, representatives, officers, and employees.

2.  Under this Order, any Producing Entity or Party shall have the right to identify and designate as "Confidential" any document or other material produced or provided, or any testimony given in this Proceeding, if the Producing Entity or Party reasonably believes the testimony or discovery material (i) is not in the public domain (i.e., not generally known and not reasonably or readily ascertainable by proper means), and (ii) contains any trade secret or other confidential research, proprietary, personnel, development, financial, or commercial information which the Producing Entity or Party desires not be

made public ("Confidential Information"). The Producing Entity or Party will designate a document or other material as "Confidential" if such Party has a good faith belief that the document or other material is entitled to confidential treatment.

      3. All documents and other materials described in Paragraph 2 above as "Confidential" and which a Producing Entity or Party believes in good faith to be of such a highly sensitive nature that providing access to such documents or other materials to a Receiving Party would expose the Producing Entity or Party, or a person or entity to which the Producing Entity or Party owes a duty to protect the confidentiality of such documents or materials, to an unreasonable risk of competitive harm, may be designated as "Highly Confidential" ("Highly Confidential Information"). Examples of "Highly Confidential" information may include, but are not necessarily limited to (1) a Party's financial information; (2) information regarding a Party's marketing strategy; and (3) customer lists.

      4. Documents shall be designated as Confidential or Highly Confidential, if and as appropriate, by marking or stamping each page of any such document "Confidential" or "Highly Confidential." In lieu of marking the originals of documents, any Producing Entity or Party may mark the copies, including electronic copies, of such documents that are produced or exchanged.

5. In the case of interrogatory answers and responses to requests for admissions, if appropriate, the designation of Confidential or Highly Confidential shall be made by means of marking or stamping each page of any such document containing the information or by a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated "Confidential" or "Highly Confidential."

6. With respect to oral deposition testimony, any questions relating to information that a Producing Entity or Party considers to be Confidential Information or Highly Confidential Information may be so designated on the record by counsel for the Producing Entity or Party making that claim, at which point all persons not entitled to be privy to the information under this order will leave the room during the questioning regarding such information. The transcript of all such portions of the deposition so designated will be clearly marked by the reporter. The disclosure during the deposition of any Confidential Information or Highly Confidential Information to any Party representatives present at the deposition shall not be deemed a breach of this Protective Order if counsel for the Producing Entity or Party has not designated the information Confidential or Highly Confidential on the record at the deposition under this paragraph so that any persons not entitled

to be privy to the information leave the room during the questioning regarding such information.

7.  Within ten (10) business days of receiving the original copy or copy of a transcript or recording of a deposition (or written notification that the transcript is available), a Producing Entity or Party choosing to designate any portions of the transcript or recording as containing Confidential Information or Highly Confidential Information will notify all Parties in writing of such designation.  A party receiving a transcript or recording of a deposition shall treat the transcript or recording as Highly Confidential under this Order until the expiration of the above-referenced ten-day period for designation by letter, or until written designations are received, whichever comes first, except that the deponent may review the transcript of his or her own deposition during this ten-day period.  Deposition exhibits shall be treated as "Confidential" or "Highly Confidential" to the extent they have been designated as either under this Order.  The following legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential Information or Highly Confidential Information designated on the record at the deposition: "Contains Confidential Information" or "Contains Highly Confidential Information."  If all or part of a videotaped deposition is

designated as Confidential or Highly Confidential on the record at the deposition, the videocassette or other videotape container shall be labeled with the legend: "Confidential-Subject to Protective Order" or "Highly Confidential-Subject to Protective Order," as appropriate. This procedure set forth in paragraphs 6 and 7 with respect to oral deposition testimony may be applied in the case of oral deposition testimony of any Party, non-party or any person employed by, formerly employed by or acting on behalf of a Party to this action. The Parties may modify this procedure set forth in paragraphs 6 and 7 with respect to oral deposition testimony by mutual agreement without further order of the Court.

       8.   All Confidential Information and Highly Confidential Information shall be used by the Receiving Party solely for the purpose of this Proceeding and not for any other purpose. Control and distribution of Confidential Information and Highly Confidential Information covered by this Protective Order shall be the responsibility of the attorneys of record.

       9.   No person shall disclose Confidential Information to any other person except as provided in this Protective Order. Information designated as "Confidential" pursuant to this Protective Order may be inspected and disclosed only to the following persons and only for the purpose of conducting this Matter:

    (a) counsel of record representing a Party in this Matter, and their lawyers, employees or agents;

    (b) independent experts or consultants and their staff retained by counsel of record to assist in this Matter;

    (c) a Party's in-house legal counsel actively involved in assisting in the Matter or otherwise monitoring or advising in connection with the Matter;

    (d) Parties and directors, officers, or employees of a Party; provided, however, that Confidential Information shall be disclosed to the individual only to the extent necessary to perform work in connection with this Matter and no copies of Confidential Information shall be retained by such person after final resolution of this Matter;

    (e) the author, addressees, and recipients of the document or information;

    (f) witnesses or potential witnesses (other than witnesses employed by or agents of the Producing Entity) during or in preparation for depositions or hearings; provided, however, that Confidential Information shall be disclosed to such witnesses only to the extent necessary for purposes of this Matter and no copies shall be retained by such person after final resolution of this Matter;

    (g) witnesses employed by, or agents of, the Producing Entity, or former employees or agents of the Producing

Entity when counsel for the Receiving Party believes in good faith that such former employees or agents were previously privy to the Confidential Information;

   (h) the Court and any person employed by the Court;

   (i) court reporters, stenographers, and video technicians, including but not limited to court reporters, stenographers, and video technicians involved in depositions or other out of court proceedings in connection with this Matter;

   (j) photocopying, data processing, or graphic production services employed by the Parties or their counsel to assist in this Matter (other than those persons already covered by paragraph 9(a)) provided that all Confidential Information are retrieved by the Party furnishing them upon final resolution of this Matter; and

   (k) persons who, in addition to those identified above, are permitted access by order of the Court or upon prior written consent of the Party that designated the document or information as Confidential, after notice to all Parties and an opportunity to object, subject to all other provisions of this Protective Order.

 10. No person shall disclose Highly Confidential Information to any other person except as provided in this Protective Order.  Information designated as "Highly

Confidential" pursuant to this Protective Order may be inspected and disclosed only to the following persons and only for the purpose of conducting this Matter:

(a) counsel of record representing a Party in this Matter, and their lawyers, employees or agents;

(b) independent experts or consultants and their staff retained by counsel of record to assist in this Matter;

(c) the author, addressees, and recipients of the document or information;

(d) witnesses employed by, or agents of, the Producing Entity, or former employees or agents of the Producing Entity when counsel for the Receiving Party believes in good faith that such former employees or agents were previously privy to the Highly Confidential Information;

(e) any other person not otherwise described in this Section who is examined in this Matter, either at deposition or trial, about the Highly Confidential material and as to whom the examining counsel has a good faith belief that the witness possesses relevant information with respect to the content of the Highly Confidential material sought to be disclosed to that person;

(f) the Court and any person employed by the Court;

(g) court reporters, stenographers, and video technicians, including but not limited to court reporters, stenographers, and video technicians involved in depositions or other out of court proceedings in connection with this Matter;

(h) photocopying, data processing, or graphic production services employed by the Parties or their counsel to assist in this Matter (other than those persons already covered by paragraph 10(a)) provided that all Highly Confidential Information are retrieved by the Party furnishing them upon final resolution of this Matter;

(i) persons who, in addition to those identified above, are permitted access by order of the Court or upon prior written consent of the Party that designated the document or information as Highly Confidential, after notice to all Parties and an opportunity to object, subject to all other provisions of this Protective Order.

11. Each person listed in paragraphs 9 (b), (c), (d), (f), (g) (other than current employees or agents of the Producing Entity), (i), (j) and (k), and paragraphs 10 (b), (d) (other than current employees or agents of the Producing Entity), (e), (g), (h), and (i) above to whom Confidential Information or Highly Confidential Information is disclosed shall be shown a copy of this Protective Order, and all such persons shall:

    (a) agree to be bound and abide by the terms of this Protective Order;

    (b) agree to not use such Confidential Information or Highly Confidential Information for any purpose other than for the purpose of this Matter;

    (c) agree to not reveal such Confidential Information or Highly Confidential Information to any person other than a person authorized to receive such information under this Protective Order; and

    (d) agree that, upon termination of his or her connection with this Matter, he or she will return all such Confidential Information or Highly Confidential Information, or certify in writing that all such Confidential Information or Highly Confidential Information has been destroyed, to the counsel or person who provided them in the first instance.

  12. If any Party or counsel for any Party wishes to disclose any Confidential Information or Highly Confidential Information in any affidavits, briefs, memoranda of law, oral arguments, or other papers filed in the Court in this Proceeding, such filing, or the portion of the filing that contains the Confidential Information or Highly Confidential Information, should be made under seal.  Sealed materials shall not become part of the public record.

13.  If any Party in possession of Confidential Information or Highly Confidential Information obtained under the terms of this Protective Order is served with any legal process, subpoena, order, or other request seeking production of Confidential Information or Highly Confidential Information, such Party shall promptly notify the other Party or person who produced the Confidential Information or Highly Confidential Information of the receipt or pendency of such legal process, subpoena, order, or other request as soon as reasonably possible, and, in any event, before the return date of the legal process, subpoena, order, or other request.

14.  Under this Protective Order, a Party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and failure to do so shall not preclude a subsequent challenge to such designation, and shall not constitute an admission that any particular designation is proper.  The Receiving Party may object to the designation of any document or material as "Confidential" or "Highly Confidential" by notifying the Producing Entity of the objection.  The objection shall specify its grounds.  In the event a Party objects, at any stage of the Proceeding, to the designation of a document or information as Confidential or Highly Confidential, the Parties shall try first to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved

informally, the objecting Party may, upon notice to all other Parties, apply to the Court for appropriate relief.  The Producing Entity or Party seeking to maintain the confidentiality of the information shall have the burden of establishing that the document or information is entitled to confidential treatment and that the document or information is entitled to confidential treatment at the level designated.  If an application to the Court is made, the document or information shall continue to be treated as Confidential or Highly Confidential, as appropriate, until the Court enters an order determining otherwise.

15.  The inadvertent or unintentional disclosure by the Producing Entity of Confidential Information or Highly Confidential Information, regardless of whether the information was marked as Confidential or Highly Confidential at the time of the disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter.  If a Party inadvertently or unintentionally produced any Confidential Information or Highly Confidential Information without marking or designating it as such in accordance with the provisions of this Protective Order, the Party may furnish a substitute copy properly marked along with a written notice to all Parties that such information is deemed Confidential Information or Highly

Confidential Information and should be treated as such in accordance with the provisions of this Protective Order.  Each Receiving Party must treat such information as Confidential or Highly Confidential, as appropriate, from the date such notice is received.  Disclosure of such Confidential Information or Highly Confidential Information prior to the receipt of such notice shall not be deemed a breach of this Protective Order.  This paragraph only relates to a Party's claim of confidentiality under this Protective Order and does not concern or govern the inadvertent or unintentional disclosure of information that the Producing Entity may claim is otherwise subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege.

16.  Nothing contained in this Protective Order shall affect the right, if any, of any Party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition.

17.  Nothing in this Protective Order shall prevent a Party from use of its own documents or information, nor from seeking discovery of any Confidential Information or Highly Confidential Information herein in any other action.

18. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on the knowledge of Confidential Information or Highly Confidential Information derived from them; provided, however, that in rendering such advice and otherwise communicating with their clients, counsel shall not make specific disclosure of any Confidential Information or Highly Confidential Information derived from them, except as permitted under the provisions of this Protective Order.

19. This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the Parties subject to approval of this Court.

20. After final termination of this Matter including any appeals, outside counsel for a receiving party may retain one archival copy of deposition transcripts, deposition exhibits, Court transcripts, Court exhibits, and other submissions to the Court, including any Confidential or Highly Confidential Information contained therein. Within thirty (30) days after final termination of this Matter, including any appeals, all additional Confidential and Highly Confidential Information of a producing party in the possession, custody or control of a receiving party – or in the possession, custody or control of any person allowed access to such information under this Order – must

either be: (a) returned to outside counsel for the producing party; or (b) destroyed and such destruction certified in writing to outside counsel for the producing party.

DATED this 28th day of April, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court