```
         IN THE UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEBRASKA

PENNFIELD OIL COMPANY, d/b/a   )
Pennfield Animal Health, a     )
Nebraska corporation,          )
                               )
            Plaintiff,         )          8:09CV345
                               )
       v.                      )
                               )
ALPHARMA, INC., a Delaware     )     MEMORANDUM AND ORDER
corporation,                   )
                               )
            Defendant.         )
                               )
ALPHARMA, INC., a Delaware     )
corporation,                   )
                               )
            Counterclaim-      )
            Plaintiff,         )
                               )
       v.                      )
                               )
PENNFIELD OIL COMPANY, d/b/a   )
Pennfield Animal Health, a     )
Nebraska corporation,          )
                               )
            Counterclaim-      )
            Defendant.         )
_____)
```

This matter is before the Court on defendant/counterclaim-plaintiff Alpharma, Inc.'s ("Alpharma") objection to notice (Filing No. 36) and plaintiff/counterclaim-defendant Pennfield Oil Company d/b/a Pennfield Animal Health's ("Pennfield") motion to compel (Filing No. 37). The Court held a hearing on these and other motions on Monday, April 19, 2010. Upon review, Alpharma's objection to notice on the ground that no

protective order has been entered will be denied, and Pennfield's motion to compel will be granted in part and denied in part.

## BACKGROUND

Pennfield and Alpharma are competitors in the medicated animal feed market. Each party claims the other party has engaged in false advertising.

## DISCUSSION

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." *Id.*[1]

---

[1] Fed. R. Civ. P. 26(b)(2)(C) provides the Court must limit the frequency or extent of discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

The party seeking discovery must satisfy some threshold showing of relevance before discovery is required.  *Hofer v. Mack Trucks, Inc.,* 981 F.2d 377, 380 (8th Cir. 1992); *Vishay Dale Elecs., Inc. v. Cyntec Co.,* No. 8:07CV191, 2008 WL 4868772, *2 (D. Neb. Nov. 6, 2008) (unreported).  If this relevance threshold is satisfied, the party resisting discovery bears the burden of showing its objections are valid.  *Vishay Dale Elecs., Inc.*, 2008 WL 4868772, at *2.

**I. Alpharma's Objection to Notice (Filing No. 36)**

Pennfield served notice of its intent to issue subpoenas for production of documents on Mark L. Pinkston and Synergy Communications (Filing No. 34).  Alpharma objected to the subpoenas in part on the ground that the Court had not yet entered a protective order that would protect Alpharma from the disclosure of confidential information.

Pennfield requested the Court overrule Alpharma's objection based on the absence of a protective order (Filing No. 37).  Because a protective order has now been entered, Alpharma's objection based on the absence of a protective order will be denied.

**II. Pennfield's Motion to Compel (Filing No. 37)**[2]

Pennfield requests the Court compel Alpharma to remove its objections to Pennfield's discovery requests and fully respond to (1) Pennfield's Interrogatories (see Filing No. 37-1); (2) Pennfield's Request for Production of Documents (see Filing No. 37-2); and (3) Pennfield's Request for Admissions (see Filing No. 37-3). Alpharma served amended responses and objections to the discovery requests after Pennfield filed its motion to compel (Filing No. 47, Exhibits 1-3). After reviewing the discovery requests and objections and responses, the Court makes the following rulings.

**Interrogatories**

- Interrogatory No. 1- Alpharma answered all subparts to Interrogatory No. 1 subject to its objections. Alpharma's objections to Interrogatory No. 1's subparts are sustained; no further response will be compelled.

- Interrogatory No. 2- Alpharma answered all subparts to Interrogatory No. 2 subject to its objections. Alpharma's objections to Interrogatory No. 2's subparts to the extent the subparts seek information not reasonably calculated to lead to discoverable evidence and impose an undue burden are sustained; no further response will be compelled.

- Interrogatory No. 3- Alpharma's objection to Interrogatory No. 3's subparts on the ground that they seek confidential information is denied due to the

---

[2] Notwithstanding the following rulings, Alpharma is directed to reevaluate the confidentiality designations it has made to all of its discovery responses in light of the protective order and remove or alter its existing designations where appropriate.

>Court's entry of a protective order. Alpharma is ordered to respond to all subparts to Interrogatory No. 3 subject to its remaining objections.

- Interrogatory No. 4- Alpharma's objection to Interrogatory No. 4's subparts on the ground that they seek confidential information will be denied. Alpharma is ordered to respond to all subparts to Interrogatory No. 4.

- Interrogatory No. 5- Alpharma's objection to Interrogatory No. 5's subparts on the ground that they seek confidential information will be denied. Alpharma's objection under Fed. R. Civ. P. 33(d) is denied, but Alpharma may invoke Rule 33(d) to respond to the subparts if appropriate. Alpharma is ordered to respond to all subparts to Interrogatory No. 5 subject to its remaining objections.

- Interrogatory Nos. 6-18- Alpharma objected to these interrogatories and all of their subparts as exceeding the discovery limits set by the Final Progression Order. Pennfield does not meaningfully challenge that it served interrogatories exceeding the discovery limit or the manner in which Alpharma has counted interrogatory subparts, but it requests the Court compel Alpharma to respond to these interrogatories as a sanction for Alpharma's discovery practices. The Court does not find that sanctions are warranted, and because Interrogatory Nos. 6-18 exceed the discovery limit set by the Court, the Court will sustain Alpharma's objection to these interrogatories.

**Requests for Production of Documents**

Alpharma's responses to the requests for production of documents state that Alpharma will produce non-privileged, responsive documents in its possession to all requests once a protective order has been entered. Because a protective order has now been entered, much of Pennfield's motion to compel should be mooted. However, the Court will make the following rulings on Alpharma's objections.

- Request Nos. 4, 10, 16-23, 28- Alpharma's objections on the grounds of relevance, undue burden, and overbreadth are denied.  Alpharma's objections on these grounds to all other applicable requests are sustained.

- All applicable Requests- Alpharma's objection on the ground that the request seeks confidential documents is denied.

- All applicable Requests- The Court will reserve ruling at this time on Alpharma's objection that the request seeks privileged documents and/or work product.

- The Court does not find that a ruling is necessary at this time on Alpharma's other asserted objections, as Alpharma has represented to the Court that it will produce responsive documents to each discovery request.

Based on the foregoing, Alpharma is ordered to respond to all requests for production subject to those objections the Court has sustained or reserved ruling on.

**Request for Admissions**

Alpharma's amended responses to the request for admissions respond to each request without objection.  Thus, Pennfield's motion to compel with respect to the request for admissions is denied as moot.

IT IS ORDERED:

1) Alpharma's objection to notice on the ground of absence of a protective order is denied;

2) Pennfield's motion to compel is granted in part and denied in part.

(a) Pennfield's motion to compel Alpharma to remove its objections and fully respond to Pennfield's interrogatories is granted in part and denied in part. Alpharma's objection to Interrogatory No. 3 and its subparts on the ground of confidentiality is denied, and Alpharma is ordered to fully respond to all subparts to Interrogatory No. 3 subject to its remaining objections. Alpharma's objection to Interrogatory No. 4 and its subparts on the ground of confidentiality is denied; Alpharma is ordered to fully respond to all subparts to Interrogatory No. 4. Alpharma's objection to Interrogatory No. 5 and its subparts on the ground of confidentiality and its objection under Fed. R. Civ. P. 33(d) are denied. Alpharma is ordered to respond to all subparts to Interrogatory No. 5 subject to its remaining objections; Alpharma may invoke Rule 33(d) to respond to the subparts if appropriate. No further response will be compelled to Interrogatory Nos. 1, 2, or 6-18.

(b) Pennfield's motion to compel Alpharma to remove its objections and fully respond to Pennfield's requests for production of documents is granted in part and denied in part. Alpharma's objections to Request Nos. 4, 10, 16-23, and 28 to the extent the requests seek documents that are not reasonably

calculated to lead to the discovery of admissible evidence, imposes an undue burden, or is overly broad are denied; Alpharma's objections on the same grounds to all other applicable requests are sustained.  Alpharma's objection to all applicable requests on the ground that the request seeks confidential documents is denied.  The Court will reserve ruling at this time on Alpharma's objection to all applicable requests on the ground that the request seeks privileged documents and/or work product, and the Court does not find that a ruling is necessary at this time on Alpharma's remaining objections, as Alpharma has indicated that it will respond to each request.  Alpharma is therefore ordered to respond to all requests for production subject to those objections the Court has sustained or reserved ruling on.

      (c)   Pennfield's motion to compel Alpharma to remove its objections and fully respond to Pennfield's request for admissions is denied as moot.

      DATED this 3rd day of May, 2010.

                        BY THE COURT:

                        /s/ Lyle E. Strom
                        _____
                        LYLE E. STROM, Senior Judge
                        United States District Court