IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
PENNFIELD OIL COMPANY, d/b/a  )
Pennfield Animal Health, a    )
Nebraska corporation,         )
                              )
          Plaintiff,          )      8:09CV345
                              )
     v.                       )
                              )
ALPHARMA, INC., a Delaware    )      MEMORANDUM AND ORDER
corporation,                  )
                              )
          Defendant.          )
                              )
ALPHARMA, INC., a Delaware    )
corporation,                  )
                              )
          Counterclaim-       )
          Plaintiff,          )
                              )
     v.                       )
                              )
PENNFIELD OIL COMPANY, d/b/a  )
Pennfield Animal Health, a    )
Nebraska corporation,         )
                              )
          Counterclaim-       )
          Defendant.          )
_____)
```

This matter is before the Court on Alpharma, Inc.'s ("Alpharma") motion to compel (Filing No. 58) and Pennfield Oil Company's ("Pennfield") motion to file a surreply brief (Filing No. 80). Pennfield's motion to file a surreply brief will be granted, and the Court has reviewed the brief and index attached to the motion. Alpharma's motion to compel will be granted in part and denied in part.

**DISCUSSION**

Alpharma moves for an order compelling Pennfield to produce the following categories of documents and information: (1) FDA documents supporting Pennfield's allegation that Pennchlor is not a "generic;" (2) publicly available documents; (3) comparative analyses of Aureomycin and Pennchlor; (4) market withdrawals, recalls, customer complaints, and field actions; (5) Pennfield's research activity; (6) dates of market introduction; and (7) knowledge of Alpharma advertisements. Specifically, Alpharma contends Pennfield improperly withheld documents to Request Nos. 2-4, 7-9, 18, 26, 44-47, 53-54, 61, 63, 65, and 66 of Alpharma's First Set of Request for Production of Documents (*see* Filing No. 60-1). Pennfield served supplemental responses to the requests for production on May 21, 2010 (Filing No. 82), but the supplemental responses are not before the Court.

**FDA Documents Supporting Pennfield's Allegation that Pennchlor is not a "Generic"** - Request Nos. 2, 3

Request Nos. 2 and 3 generally seek Pennfield's regulatory files concerning NADA No. 138-935. Pennfield objected to the requests on the grounds that its regulatory files are trade secrets and are not relevant. Alpharma does not dispute that at least some information in Pennfield's regulatory files are trade secrets, but it claims the files are relevant to whether Pennchlor is "generic," and that there is no serious threat that Pennfield will be injured by disclosure because it

-2-

can redact formulations in the files and designate the files as "attorneys' eyes only" pursuant to the protective order already entered in this case.

Trade secrets are not automatically immune from disclosure, but the circumstances of a particular case may require the Court to limit or completely prohibit their discovery. *See In re Remington Arms Co.*, 952 F.2d 1029, 1032 (8th Cir. 1991). The Eighth Circuit has outlined a three-step procedure for the Court to follow in determining whether information a party claims to be confidential is discoverable:

> First, the party opposing discovery must show that the information is a "trade secret or other confidential research, development, or commercial information," under [Rule 26(c)(1)(G)] and that its disclosure would be harmful to the party's interest in the property. The burden then shifts to the party seeking discovery to show that the information is relevant to the subject matter of the lawsuit and is necessary to prepare the case for trial. If the party seeking discovery shows both relevance and need, the court must weigh the injury that disclosure might cause to the property against the moving party's need for the information. If the party seeking discovery fails to show both the relevance of the requested information and the need for the material in developing its case, there is no reason for the discovery request to be granted, and the trade secrets are not to be revealed.

*Id.* (citations omitted).

In this case, Pennfield has shown that its regulatory files contain trade secrets and that it would be harmed if those trade secrets were disclosed to Alpharma (*see* Filing No. 71-1, ¶ 3). Alpharma has demonstrated that at least some of the information in Pennfield's regulatory files concerning NADA No. 138-935 is reasonably calculated to lead to the discovery of admissible evidence. Pennfield's complaint alleges, in part, that Alpharma has falsely advertised to Pennfield's customers and potential customers that Pennchlor100 is generic. Alpharma contends, and Pennfield does not dispute, that Pennfield's regulatory files will contain documentation regarding the application process and regulatory approval for Pennchlor, which will demonstrate whether Pennchlor was approved as a generic drug. Although, it appears that the relevant documentation will be only a small portion of the regulatory files and that a significant portion of the files is not relevant to the issues in this case. In addition, it appears that Alpharma's need for certain information in the files can be sufficiently obtained without requiring production of the files at this time.

During oral argument in this matter, Pennfield suggested that Alpharma could obtain the information it seeks regarding the approval process for Pennchlor through interrogatories. The Court agrees and finds that permitting

Alpharma to first attempt to obtain the information it has identified through interrogatories is an appropriate solution to the competing interests of Alpharma's need for certain information and the highly confidential nature of the documents at issue.  Thus, the Court will deny Alpharma's motion to compel with respect to Requests Nos. 2 and 3 without prejudice and will grant Alpharma leave to serve ten interrogatories on Pennfield to obtain information regarding the application and approval process for Pennchlor, to the extent such information is relevant to the issue of whether Pennchlor100 is "generic."  Pennfield has indicated its willingness to respond to such interrogatories.  If Alpharma demonstrates at a later time that production of the documents is necessary in order for it to effectively prepare for trial, the Court will revisit at that time whether the regulatory files should be produced.

Request No. 8 can also be read as requesting Pennfield's regulatory files.  Alpharma has not demonstrated the relevance and need of regulatory files other than those sought in Request Nos. 2 and 3.  The Court will not compel any further response to Request No. 8.

**Publicly Available Documents**- Request Nos. 4, 53, 54

Request No. 4 seeks documents that support or rebut Pennfield's contention that Pennchlor100 is not generic. Pennfield produced one exhibit in response to this request and

-5-

generally directed Alpharma to publicly available sources of information.  Request Nos. 53 and 54 seek documents related to chlortetracycline bioavailability to swine and bioabsorption by swine.  Pennfield responded to these interrogatories by stating that it had no documents which were produced solely for plaintiff or proprietary to plaintiff, and it directed defendant to publicly available information.  Pennfield contends it is not required to produce any documents in response to the requests because the information is publicly available and the documents it has gathered are protected by the work product doctrine.

With respect to Request No. 4, Pennfield will be compelled to produce responsive documents that it has in its possession, custody, or control.  The fact that such documents are available in the public domain does not necessarily excuse Pennfield of its discovery obligations, and Pennfield has not sufficiently identified the responsive documents.  Further, Pennfield has not shown that documents responsive to Request No. 4 are protected by the work product doctrine.  The Court will not compel any further response to Request Nos. 53 and 54.

**Other Documents**

With respect to the remaining Requests for Production of Documents, the Court makes the following rulings:

- Request No. 18 - Pennfield has stated that it is withdrawing its objections to Request No. 18.  Thus, Pennfield is ordered to produce all responsive

> documents to Request No. 18.  The Court will not compel any further response to Request Nos. 27, 54, or 55.
> 
> - Requests Nos. 45, 46, and 47 - Pennfield's relevance objections to these requests are overruled, and to the extent it has not already done so, it is ordered to produce all responsive documents to such requests.
> 
> - Request Nos. 44, 61, 63, 65, 66 - Pennfield's relevance objections to the applicable requests are overruled. The Court finds that the confidential nature of any responsive documents to these requests is sufficiently protected by the protective order already entered in this case.  Pennfield is ordered to produce all responsive documents to such requests.
> 
> - Request Nos. 7, 9 - Pennfield's relevance objections to these requests are overruled.  To the extent it has not already done so, Pennfield is ordered to produce all responsive documents to such requests.
> 
> - Request No. 26 - The Court will not compel any further response.
> 
> - To the extent Alpharma moves to compel the production of documents to other requests for production not specifically identified in this order, such request is denied at this time.
> 
> Based on the foregoing,
> 
> IT IS ORDERED:
> 
> 1) Pennfield's motion to file a surreply brief (Filing

No. 80) is granted;

> 2) Alpharma's motion to compel (Filing No. 58) is

granted in part and denied in part:

> > (a) Alpharma's motion to compel with respect to

Request Nos. 2 and 3 is denied without prejudice;

> > (b) Alpharma's motion to compel with respect to

Request Nos. 8, 26, 27, and 53-55 is denied;

(c) Alpharma's motion to compel with respect to Request Nos. 4, 7, 9, 18, 44-47, 61, 63, 65, and 66 is granted. To the extent it has not already done so, Pennfield is ordered to produce all responsive documents to said requests on or before June 28, 2010;

(d) To the extent Alpharma moves to compel the production of documents to other requests not specifically identified above, such request is denied at this time;

(3) Alpharma is granted leave to serve ten interrogatories on Pennfield to obtain information regarding the application and approval process for Pennchlor, to the extent such information is relevant to whether Pennchlor100 is "generic." Such interrogatories shall be served on or before June 14, 2010.

DATED this 1st day of June, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court