IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PENNFIELD OIL COMPANY, d/b/a Pennfield Animal Health, a Nebraska corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | 8:09CV345 |
| v. | ) ) | |
| ALPHARMA, INC., a Delaware corporation, | ) ) ) | ORDER |
| Defendant. | ) ) | |
| ALPHARMA, INC., a Delaware corporation, | ) ) ) ) | |
| Counterclaim-Plaintiff, | ) ) ) | |
| v. | ) ) | |
| PENNFIELD OIL COMPANY, d/b/a Pennfield Animal Health, a Nebraska corporation, | ) ) ) ) | |
| Counterclaim-Defendant. | ) ) ) | |

This matter is before the Court on two pre-trial motions. Defendant Alpharma, Inc. ("Alpharma") filed its Second Motion to Compel (Filing No. 124) on September 7, 2010. In this motion, Alpharma seeks to have the Court compel Pennfield to respond to several requests for production ("RFP") and requests for admission ("RFA"). Some of the items at issue were involved in a previous discovery dispute, which the Court resolved in an order on June 1, 2010 (*See* Memorandum & Order (the "June 1st Order," Filing No. 83). On October 20, 2010, plaintiff Pennfield

Oil Company ("Pennfield") filed its motion for modification of the amended final progression order (Filing No. 165).  The Court conducted a hearing on October 25, 2010, during which the parties primarily addressed Alpharma's second motion to compel.  The Court thereafter ordered Pennfield to produce for *in camera* inspection several documents relating to Alpharma's second motion to compel (Filing No. 181).  The Court finds Alpharma's second motion to compel should be granted in part and denied in part, and Pennfield will be required to produce documents from its regulatory file.  Further, pursuant to the parties' agreement, Pennfield's motion for modification of the amended final progression will be granted.

**A.    RFP Nos. 2 & 3**

These RFPs generally seek Pennfield's regulatory file concerning New Animal Drug Application ("NADA") No. 138-935. Pennfield previously objected to the disclosure of this regulatory file, citing that the regulatory file was not relevant and contained trade secrets.  Pursuant to the analysis outlined in *In re Remington Arms Co.*, 952 F.2d 1029, 1032 (8th Cir. 1991), the Court determined in the June 1st Order that "Alpharma ha[d] demonstrated that at least some of the information in Pennfield's regulatory files concerning NADA 138-935 is reasonably calculated to lead to the discovery of admissible evidence," but that "Alpharma's need for certain information in the files can be

sufficiently obtained without requiring production of the files *at this time*" (June 1st Order at 4) (emphasis added). Recognizing Pennfield had shown that it would potentially be harmed if the trade secrets in its regulatory file were disclosed to Alpharma, the Court denied without prejudice Alpharma's motion to compel to the extent it sought production of Pennfield's regulatory file to Alpharma.  Instead, the Court, upon Pennfield's suggestion, permitted "Alpharma leave to serve ten interrogatories on Pennfield to obtain information regarding the application and approval process of Pennchlor, to the extent such information is relevant to the issue of whether Pennchlor100 is 'generic'" (*Id.* at 5).  In denying the motion without prejudice, however, the Court left open the possibility that it could later compel Pennfield to produce its regulatory file if Alpharma could demonstrate "that production of the [regulatory file] is necessary in order for it to effectively prepare for trial" (*Id.*).

After the June 1st Order, Alpharma served the ten authorized interrogatories, which Pennfield answered (*See* Plaintiff's Answers to Defendant's Second Set of Interrogatories (Nos. 36-45, Filing No. 127-8).  Alpharma, however, found Pennfield's answers unsatisfactory and renewed its request for Pennfield's regulatory file with the instant motion.  Alpharma claims disclosure of Pennfield's regulatory file is now required

because Pennfield has attempted to frustrate Alpharma's attempts to discover information through the ten additional interrogatories the Court authorized.

The Court has reviewed Alpharma's ten interrogatory questions and Pennfield's answers. Without parsing the disputes the parties have regarding each individual interrogatory and answer, the Court generally agrees that Alpharma has demonstrated the production of some of Pennfield's regulatory documents are necessary in order for Alpharma to effectively prepare for trial. The Court has inspected, *in camera*, many of the documents in Pennfield's regulatory file. Some of the documents appear to be highly relevant to the issues of whether or not Pennchlor is a "generic" drug and whether Aureomycin and Pennchlor perform differently. After weighing the injury that disclosure of the regulatory file might cause to Pennfield against Alpharma's need for the information in the regulatory file, *Remington Arms*, 952 F.2d at 1032, the Court finds Alpharma's need outweighs the potential injury to Pennfield. Accordingly, the Court will compel Pennfield to respond to RFP Nos. 2 and 3.

In responding to RFP Nos. 2 and 3, Pennfield's production shall be limited to the documents identified in paragraph ten of Alpharma's brief in support of the motion to compel (Alpharma's Brief in Support of Second Motion to Compel, Filing No. 126, ¶ 10, at 6-8). Further, the Court recognizes the

sensitivity of Pennfield's formulations for its products (Affidavit of Greg Bergt, Filing No. 142-3, ¶ 3) and will allow Pennfield leave to redact all formulation information contained in the regulatory files it discloses to Alpharma.  *The Court explicitly notes Pennfield may designate all documents produced from its regulatory file to Alpharma in response to these RFPs as "Highly Confidential," pursuant to the Protective Order (Filing No. 69), and any unauthorized dissemination of this information to a person not authorized to inspect it under the protective order will result in sanctions.*

**B.   RFP Nos. 18, 44, 61, 65, 66, 81**

In the June 1st Order, the Court overruled Pennfield's relevancy objections to RFP Nos. 18, 44, 61, 65, and 66 and ordered production of all responsive documents.  Pennfield, however, refused to disclose responsive documents to these RFPs, arguing that it maintains the responsive documents in its regulatory file and, thus, that Pennfield was not required to disclose these responsive documents.  Pennfield makes a similar argument with regard to RFP No. 81.  As discussed *supra*, the Court will now require Pennfield to produce responsive documents from its regulatory file.  Therefore, Pennfield will be ordered to produce documents responsive to RFP Nos. 18, 44, 61, 65, 66 and 81 to the extent those documents are not already produced in response to RFP Nos. 2 and 3.  *The Court again explicitly notes*

*Pennfield may designate all documents produced from its regulatory file to Alpharma in response to these RFPs as "Highly Confidential," pursuant to the Protective Order (Filing No. 69), and any unauthorized dissemination of this information to a person not authorized to inspect it under the protective order will result in sanctions.*

**C. Other RFPs and RFAs**

With respect to the remaining RFPs and RFAs, the Court makes the following rulings:

- RFP Nos. 7 & 9 - The Court credits Pennfield's representations that it has produced all responsive documents in its possession and cannot locate any additional documents, dating back to as early as 1971. The Court will not compel any further response to RFP Nos. 7 and 9.

- RFP Nos. 45, 46, & 47 - The Court finds Pennfield's discontinuance of some of its Pennchlor products from 2006 to 2009 to be a "market withdrawal" and these products were "off the market" within the meaning of these RFPs. To the extent it has not already done so, Pennfield is ordered to produce all responsive documents to RFP Nos. 45, 46, and 47.

- RFP Nos. 30, 31, 32, 33, 34, 35, 36, 37, 92, & 93 - To the extent it has not already done so, Pennfield is ordered to produce all responsive documents to these RFPs, to identify any third-party advertising firms possessing responsive documents, and to facilitate the production of the responsive document from the third-party advertising firm to Alpharma.

- RFP No. 80 - To the extent it has not already done so, Pennfield is ordered to produce all responsive documents to this RFP.

- RFA No. 52 - The Court finds Pennfield's response to this RFA to be non-responsive. The response is stricken and Pennfield is ordered to make a new

>       response, either admitting or denying that NADA 138-935
>       was subject to FDCA § 512(n).
>
> - RFA Nos. 78, 79, 80, & 81 - The Court finds Pennfield's
>   response to these RFAs to be satisfactory and will not
>   require Pennfield to make new responses.

IT IS ORDERED:

1. Alpharma's second motion to compel (Filing No. 124) is granted in part and denied in part:

>   a.   Alpharma's motion to compel with respect to RFP Nos. 2, 3, 18, 30, 31, 32, 33, 34, 35, 36, 37, 44, 45, 46, 47, 61, 65, 66, 80, 81, 92, and 93 and with respect to RFA No. 52 is granted.  Pennfield may redact formulation information related to is NADA products.  Pennfield may designate all information produced from its regulatory file as "Highly Confidential," pursuant to the protective order entered in the case (Filing No. 69).  To the extent it has not already done so, Pennfield is ordered to produce all responsive documents to said requests on or before December 3, 2010; and
>
>   b.   Alpharma's motion to compel with respect to RFP Nos. 7 & 9 and with respect to RFA Nos. 78, 79, 80, and 81 is denied; and

2. Pursuant to the parties' agreement that Pennfield may supplement its expert reports regarding the issue of damages (*See* Pennfield's Designation of Expert Witnesses, Filing 183,

-7-

¶ 7), Pennfield's motion to modify the amended final progression order per agreement of the parties (Filing No. 165) is granted.

DATED this 10th day of November, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court