IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PENNFIELD OIL COMPANY d/b/a PENNFIELD ANIMAL HEALTH, a Nebraska corporation,<br><br>  Plaintiff,<br><br>v.<br><br>ALPHARMA Inc., a Delaware corporation, now known as ALPHARMA, LLC, a Delaware Limited Liability Company,<br><br>  Defendant.<br><br>ALPHARMA Inc., a Delaware corporation,<br><br>  Counterclaim-Plaintiff,<br><br>v.<br><br>PENNFIELD OIL COMPANY d/b/a PENNFIELD ANIMAL HEALTH, a Nebraska corporation,<br><br>  Counterclaim-Defendant. | Case No. 8:09-cv-00345-LES-TDT |

## REPLY BRIEF IN SUPPORT OF ALPHARMA INC.'S MOTION FOR PROTECTIVE ORDER REGARDING ITS SALESLOGIX DATABASE

Defendant and Counterclaim-Plaintiff Alpharma Inc. (now known as Alpharma, LLC) ("Alpharma") replies on its motion to protect Alpharma (Document # 170) from Pennfield's Request to Permit Access Under Rule 34 (Document # 107). Pennfield attempted to cover all of its bases by simultaneously serving a Request for Access to SalesLogix and Requests for Production of SalesLogix documents. In view of the fact that Alpharma has produced all relevant SalesLogix documents, Pennfield is not demanding immediate unrestricted access to the SalesLogix database, but is instead requesting that its Request for Access to SalesLogix be held open just in case Pennfield's lawyers later decide that they want to get into the database.

However, a future unknown desire of counsel to discover irrelevant information is not a valid basis for a discovery request. Protection should be granted because Pennfield has no valid basis for unrestricted access to Alpharma's SalesLogix database.

**I.  BECAUSE ALPHARMA HAS ALREADY PRODUCED ALL RELEVANT ENTRIES FROM THE SALESLOGIX DATABASE, PENNFIELD COULD ONLY DISCOVER IRRELEVANT ENTRIES WITH ACCESS TO THE SYSTEM.**

1. In response to Pennfield's Requests for Production of Documents, Alpharma has already produced copies of all relevant entries from its SalesLogix database to Pennfield in document form (Document # 174–75, Index of Evidence, Exhibit No. 2). Alpharma produced about 1,500 entries from its SalesLogix database. (Document # 174–75, Index of Evidence, Exhibit No. 2). Because the SalesLogix database does not allow comprehensive word searching on certain fields in the database, Alpharma had to export and transform the data into a fully searchable format. (Document # 171, Brief at ¶ 3). Comprehensive word searches were then conducted on the thousands of entries in the database to identify the approximately 1,500 relevant entries that have been produced. Pennfield already has all of the relevant entries that can be mined from the SalesLogix database. Thus, there is no need for Pennfield to have unrestricted access to the thousands of entries in the SalesLogix database that have nothing to do with this case.

2. Pennfield has not and cannot claim that Alpharma has withheld relevant SalesLogix entries from its production. In fact, in its opposition brief, Pennfield did not point to <u>any</u> relevant entries that are missing from Alpharma's production. (Document # 196, Opposition at pp. 5-6). After having received the approximately 1,500 entries from Alpharma's SalesLogix database, Pennfield deposed four Alpharma employees regarding the 1,500 entries (depositions

of Layne Asay, Ben Pratte, Dr. Mark LaVorgna, and Greg Lewis). Even after deposing Alpharma's salespersons, Pennfield did not discover that any relevant SalesLogix entries were omitted from Alpharma's production to Pennfield.

3. Pennfield's complaint is limited to a single SalesLogix entry for which Pennfield seeks to discover clarifying information. (Document # 196, Opposition at p. 5). This particular SalesLogix entry had been entered by Alpharma employee, Dr. Teddi Wolff. (Document # 174–175, Index of Evidence, Exhibit No. 2, at page ALP0002901). For this single entry, Pennfield seeks to discover which of the following three options Dr. Teddi Wolff selected when she made the SalesLogix entry: "phone call," "task," or "meeting." (Document # 196, Opposition at p. 5; Document # 197-3, Ben Pratte deposition transcript, at 93:13-18). However, Pennfield does not need unrestricted access to the entire SalesLogix database to discover this information because the answer to whether the entry was a "phone call," "task," or "meeting" may be obtained by simple Requests for Admission on Alpharma.

4. Pennfield argues that "Alpharma, and their sales staff, are now going to backtrack from the entries in their database . . . by claiming that they may in fact not have been phone calls or visits, but rather tasks (which may or may not have been completed)." (Document # 196, Opposition at p. 5). Ben Pratte testified in his deposition that he selects the "task" option when he sent an email to somebody. (Document # 197-3, Ben Pratte deposition transcript, at 94:21-22). None of the Alpharma witnesses testified that the "task" field was selected to indicate a task "which may or may not have been completed."

5. Finally, contrary to Pennfield's allegation (Document # 196, Opposition at p. 7 footnote 1), Alpharma's SalesLogix database does not contain sales records. (Document

# 171, Brief, at ¶¶ 1, 12; Document # 174–175, Index of Evidence, Exhibit No. 2). Accordingly, Pennfield would not receive additional information related to Aureomycin® volume sales or Alpharma revenues by searching the SalesLogix database.

6. With its argument that "a ruling on the Motion at this time is premature," Pennfield essentially admits that it cannot demonstrate that additional SalesLogix information is necessary for Pennfield to prepare its case for trial. (Document # 196, Opposition at p. 6). If, in Pennfield's view, it is premature for the Court to deny Pennfield access to Alpharma's database, then it was premature for Pennfield to serve its Request for Access. Clearly, Pennfield could not have known that it needed access until after its had reviewed Alpharma's production of the SalesLogix entries.

## II. UNRESTRICTED ACCESS IS NOT JUSTIFIED BECAUSE THE THOUSANDS OF SALESLOGIX ENTRIES THAT HAVE NOT BEEN PRODUCED CONTAIN INFORMATION THAT IS BOTH IRRELEVANT AND VALUABLE.

7. Pennfield has no justification to demand unrestricted access to the thousands of SalesLogix entries that have not already been produced to Pennfield. As set forth with detail in Alpharma's original brief, Pennfield's request for access to SalesLogix would be unduly detrimental to Alpharma because it would be forcing Alpharma to reveal its most highly confidential commercial information to its direct competitor even though that information is irrelevant to this case. (Document # 171, Brief at ¶ 12; Document # 173, Ex. 4, Affidavit of Layne Asay).

8. Certainly there is a risk of inadvertent disclosure for the 1,500 SalesLogix entries that Alpharma has already produced. Notwithstanding, Alpharma produced these entries

in good faith because the Federal Rules of Civil Procedure and this Court's orders suggest that relevance justifies production of highly confidential information under the Protective Order.

9.  For the remaining thousands of SalesLogix entries, the potential relevance of the information is very low. Alpharma has already produced all 1,500 SalesLogix entries that are relevant. Pennfield's request for unrestricted access can only be targeted at exploring (i) information about Aureomycin® that is not specific to the publications at issue in this litigation; and (ii) information about Alpharma's products other than Aureomcyin®. (Document # 171, Brief at ¶ 7). But this information is irrelevant to this case and Pennfield has not shown that it needs this information to prepare for trial. Further, the risk of harm to Alpharma from an inadvertent disclosure is very high because the SalesLogix database contains such highly valuable trade secrets and commercial information that only retains its value if it is kept secret from its direct competitor, Pennfield. (Document # 171, Brief at ¶¶ 7, 12; Document # 173, Ex. 4, Affidavit of Layne Asay). A balance of Pennfield's interest to discover irrelevant information and Alpharma's interest in protecting its highly valuable confidential information should be resolved in favor of Alpharma's interests. (Document # 171, Brief at ¶ 15–16). Thus, unrestricted access to the SalesLogix database is not justified.

## CONCLUSION

Alpharma has shown good cause why the Court should enter a protective order prohibiting Pennfield from unrestricted direct access to Alpharma's SalesLogix database. Alpharma seeks a protective order from the Court denying Pennfield access to Alpharma's SalesLogix database, and such further relief as appropriate.

Dated: November 18, 2010.

                Respectfully submitted


                By: s/R. William Beard, Jr.
                Franz Michael Stenglein
                Texas State Bar No. 00791729
                *Admitted Pro Hac Vice*
                R. William Beard, Jr.
                Texas State Bar No. 00793318
                *Admitted Pro Hac Vice*
                KING & SPALDING LLP
                401 Congress Avenue, Suite 3200
                Austin, Texas 78701
                Telephone: (512) 457-2000
                Facsimile: (512) 457-2100
                Email: MStenglein@kslaw.com
                Email: WBeard@kslaw.com

                William M. Lamson, Jr.
                Nebraska State Bar No. 12374
                David J. Schmitt
                Nebraska State Bar No. 19123
                Lamson, Dugan & Murray
                10306 Regency Parkway Drive
                Omaha, Nebraska 68114
                Telephone: (402) 397-7300
                Facsimile: (402) 397-7824
                Email: wlamson@ldmlaw.com
                Email: dschmitt@ldmlaw.com

                *Attorneys for Defendant and Counterclaim-Plaintiff, Alpharma Inc.*

# CERTIFICATE OF SERVICE

      I hereby certify that on this 18th day of November, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

>Brien N. Welch
>Daniel J. Epstein
>David A. Blagg
>Cassem, Tierney, Adams, Gotch & Douglas
>8805 Indian Hills Drive, Suite 300
>Omaha, Nebraska 68114
>bwelch@ctagd.com
>depstein@ctagd.com
>dblagg@ctagd.com

>    s/R. William Beard, Jr.
>    R. William Beard, Jr.