IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PENNFIELD OIL COMPANY d/b/a PENNFIELD ANIMAL HEALTH, a Nebraska corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALPHARMA Inc., a Delaware corporation, now known as ALPHARMA, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | Case No. 8:09-cv-00345-LES-TDT |
| ALPHARMA Inc., a Delaware corporation,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>PENNFIELD OIL COMPANY d/b/a PENNFIELD ANIMAL HEALTH, a Nebraska corporation,<br><br>Counterclaim-Defendant. | **Request for Expedited Briefing** |

## ALPHARMA INC.'S BRIEF IN SUPPORT OF
## MOTION TO MODIFY AMENDED FINAL PROGRESSION ORDER

Defendant and Counterclaim-Plaintiff Alpharma Inc., now known as Alpharma, LLC, ("Alpharma") hereby supports its motion to modify the Amended Final Progression Order dated June 8, 2010 (Document # 85). Pennfield will produce documents responsive to the Court Order by December 3, 2010. (Document # 199). In view of this late document production, Pennfield agrees that certain discovery deadlines must be extended into March of 2011 to conduct all of the fact and expert discovery that flows from the December 3, 2010 production. Alpharma believes it should be allowed to consecutively discover: (1) Pennfield's regulatory and other documents compelled to be produced on December 3, 2010; (2) the testimony of Pennfield's management

team; and (3) the opinions of Pennfield's expert witnesses. Pennfield disagrees with such a schedule because it has an interest in preventing Alpharma from effectively cross-examining Pennfield's experts and limiting the scope of what Alpharma's experts may testify about. In view of Pennfield's late document production and in the interest of allowing for fair and equal discovery opportunities for both parties, Alpharma has no choice but to seek an extension of the trial date, as fully explained below.

## BACKGROUND

04/15/2010 - Alpharma moved to compel Pennfield to produce its FDA files and other documents. (*See* Document # 58).

04/19/2010 - The court heard oral arguments on the motion.

06/01/2010 - The Court ordered 10 interrogatories. (*See* Document # 83).

07/19/2010 - Pennfield responded to the interrogatories. (*See* Document # 127-8, Nos. 36-45).

09/07/2010 - Alpharma moved a second time to compel Pennfield to produce its FDA files and other documents. (*See* Document # 124).

10/25/2010 - The court heard oral arguments on the second motion to compel.

10/27/2010 - The Court ordered in camera inspection of documents. (Order, Document #181)

11/03/2010 - Alpharma postponed the depositions of Pennfield's management team pending a decision from the Court on Alpharma's Second Motion to Compel. (Index of Evidence, Ex. 4, Beard Ltr. 11/03/2010).

11/10/2010 - The Court ordered Pennfield to produce FDA and other documents. (Order, Document #199).

11/11/2010 - Alpharma sought to extend the discovery schedule in view of there being only seven business days between December 3rd and December 14th for Alpharma to:

(1) review Pennfield's documents; (2) depose Pennfield's witnesses including: Bill Winstrom, Greg Bergt, Tracey Mumford, and Andrew Winstrom; (3) depose Pennfield's six technical expert witnesses, including: Papich, Henry, Knudson, Milliken, Rothman, and Steneck; and (4) prepare responsive expert technical reports. (Index of Evidence, Ex. 5, Beard Email 11/11/2010).

11/12/2010 - Pennfield argued that "Alpharma is not required to take our expert's depositions before it can produce its own expert's reports." (Index of Evidence, Ex. 6, Epstein Ltr. 11/12/2010).

11/15/2010 - Alpharma attempted to schedule the depositions of Pennfield's management team and shortly thereafter the depositions of Pennfield's expert witnesses. Alpharma further proposed a new discovery and trial schedule. (Index of Evidence, Ex. 7, Beard Ltr. 11/15/2010).

11/15/2010 - Pennfield argued that Alpharma should merely be allowed to "file supplementary reports as to Pennfield's regulatory file" so as to "mirror the procedure in place as to Pennfield's damage experts." (Index of Evidence, Ex. 8, Epstein Ltr. 11/15/2010).

11/16/2010 - Alpharma attempted to reach agreement as to what the scope would be of Alpharma's supplemental expert reports. In particular, Alpharma advised "we need to have completed all of the depositions of Pennfield's 'technical' expert witnesses by January 7, 2011 at the latest so that, if necessary to refute the disclosed opinions of an expert witness of Pennfield, Alpharma may disclose rebuttal expert opinions by January 14, 2011." (Index of Evidence, Ex. 9, Beard Ltr. 11/16/2010).

11/17/2010 - Pennfield argued "based upon experience in this court, I think you might be misinterpreting the meaning of 'rebuttal' experts in the pre-trial order." (Index of

Evidence, Ex. 10, Epstein Ltr. 11/17/2010).

## ARGUMENT

The major stumbling block between the parties is that Alpharma believes it should be allowed to consecutively discover: (1) Pennfield's regulatory and other documents compelled to be produced on December 3, 2010; (2) the testimony of Pennfield's management team; and (3) the opinions of Pennfield's expert witnesses. Pennfield is attempting to prevent Alpharma from effectively cross-examining its experts and limiting the scope of what Alpharma's experts may testify about by forcing Alpharma to offer expert reports without the benefit of Pennfield's documents or the depositions of Pennfield's experts. The current schedule and any of Pennfield's proposed amendments to the current schedule do not allow for fair and equal fact and expert discovery opportunities for both parties. An extension of all deadlines, including trial, is warranted for the following reasons:

(1) To cross-examine Pennfield's experts, Alpharma first needs Pennfield's regulatory and other documents which Alpharma will not receive until December 3, 2010 (*see* Section I. below);

(2) To cross-examine Pennfield's experts, Alpharma further needs to have deposed Pennfield's management team; Pennfield's management team cannot be deposed until Alpharma has received Pennfield's regulatory and other documents on December 3, 2010 (*see* Section II. below);

(3) Pennfield is attempting to use its untimely production of its FDA and other documents to unfairly limit the scope of Alpharma's fact and expert discovery (*see* Section III. below);

(4) Pennfield's discovery deadlines relative to financial information have already been extended beyond the February 1, 2011 discovery cut-off and now needs to be extended further into March of 2010 because of scheduling conflicts of Alpharma's financial expert (*see* Section IV. below);

(5) Alpharma's discovery deadlines relative to all information Pennfield is being compelled to produce by December 3, 2010 also need to be extended well beyond the February 1, 2011 discovery cut-off, leaving Alpharma no time to prepare for a trial in March of 2011 (*see* Section V. below).

# I. To Cross-Examine Pennfield's Experts, Alpharma Needs Pennfield's Regulatory and Other Documents.

Alpharma needs Pennfield's regulatory file and other documents to cross-examine Pennfield's experts. In obstruction of Alpharma's discovery efforts, Pennfield argues among other things that Alpharma does not need to wait to depose Pennfield's expert witnesses because "none of our seven named experts have reviewed Pennfield's regulatory file." (Index of Evidence, Ex. 6, Epstein Ltr. 11/12/2010).

However, Pennfield's regulatory file and other documents are directly relevant to the opinions of Pennfield's experts. For example, Pennfield's expert, Dr. Mark Papich, opines that "[i]n each and every exhibit provided, the title is false, misleading and a misrepresentation of the studies described. . . . Exhibit A: 'Aureomycin vs. Generics'. The other formulations tested were not 'generics'". (Index of Evidence, Ex. 11, Rpt. of Dr. Mark Papich, p. 12). Alpharma needs Pennfield's regulatory file to cross-examine Dr. Papich regarding his opinion that Pennchlor is not a "generic" drug. As another example, a premise of each of Pennfield's "technical" experts' opinions is that it was false or misleading for Alpharma to advertise that there is a difference between Pennchlor® and Aureomycin®. Documents in Pennfield's regulatory file and other documents which may have compared Pennchlor® and Aureomycin® are relevant to that premise. The Court expressly found that "[s]ome of the documents appear to be highly relevant to the issues of whether or not Pennchlor is a 'generic' drug and whether Aureomycin and Pennchlor perform differently." (Order, Document #199, p. 4).

Thus, Alpharma could not schedule Pennfield's expert witnesses for deposition until after Pennfield produces its regulatory and other documents on December 3, 2010.

**II. To Cross-Examine Pennfield's Experts, Alpharma Needs to Have Deposed Pennfield's Management Team.**

Alpharma needs to depose Pennfield's management team (Bill Winstrom, Andrew Winstrom, and Greg Bergt) before it can effectively cross-examine Pennfield's experts. Alpharma has already deposed several Pennfield witnesses, but it postponed the depositions of specific members of the Pennfield management team that had direct involvement with Pennfield's regulatory file. (Index of Evidence, Ex. 4, Beard Ltr. 11/03/2010). After the Court compelled Pennfield to produced documents on December 3, 2010, Alpharma scheduled depositions as follows: Bill Winstrom (12/09/10), Andrew Winstrom (12/07/10), and Greg Bergt (12/10/10). Because the witnesses are to be deposed only once, Alpharma had to wait to depose them on all issues until after Pennfield's regulatory file and other documents had been produced.

The testimony of Pennfield's management team is highly relevant to the opinions of all of Pennfield's expert witnesses. First, these members of Pennfield's management team had direct involvement with Pennfield's regulatory file, so that their testimony is relevant for the reasons explained above. Second, Pennfield's management team has knowledge concerning the rigor with which Pennfield conducts its own laboratory experiments and reporting standards. Pennfield's experts opine that Alpharma has not conducted its experiments with procedures that are sufficiently rigorous and that Alpharma has not adequately reported the results.

Thus, Alpharma could not schedule Pennfield's expert witnesses for deposition until after the remaining members of Pennfield's management team could be deposed, the last deposition of which is scheduled for December 10, 2010.

### III. Pennfield Is Attempting To Use Its Untimely Production of Its FDA and Other Documents to Unfairly Limit The Scope of Testimony By Alpharma's Expert Witnesses.

After two Motions to Compel and an *In Camera* inspection by the Court, Pennfield has been ordered to produce its regulatory file and other documents by December 3, 2010. (Order, Document #199). Alpharma's deadline to identify all expert witnesses and serve expert reports is December 14, 2010. (Progression Order, Document #85). This allows Alpharma only seven (7) business days to: (1) review Pennfield's documents; (2) depose Pennfield's witnesses including: Bill Winstrom, Greg Bergt, Tracey Mumford, and Andrew Winstrom; (3) depose Pennfield's six technical expert witnesses, including: Papich, Henry, Knudson, Milliken, Rothman, and Steneck; and (4) prepare responsive expert technical reports. (Index of Evidence, Ex. 5, Beard Email 11/11/2010). It is simply not humanly possible for Alpharma to take these deposition, get the transcripts from these deposition, educate the expert witnesses about the information discovered in the depositions, and produce expert witness reports by December 14, 2010.

Rather than extending Alpharma's expert witness deadline (currently December 14, 2010), Pennfield has argued that Alpharma should give full reports on December 14, 2010 and then give supplemental reports on January 14, 2011. While this facially sounds plausible, Pennfield further argues that Alpharma's supplemental reports must be limited to "Pennfield's regulatory file." (Index of Evidence, Ex. 8, Epstein Ltr. 11/15/2010). Thus, under Pennfield's proposal, Alpharma's expert witnesses would never have an opportunity to opine on: (1) the testimony of Pennfield's management team for issues other than "Pennfield's regulatory file;" or (2) the deposition testimony of Pennfield's expert witnesses.

Alpharma's experts must be allowed to consider all information contained in the

documents Pennfield has been compelled to produce on December 3, 2010 and the information that will be discovered in the depositions of Pennfield's management team and the depositions of Pennfield's expert witnesses, which will be conducted after Pennfield's document production.

The proper solution is to extend Alpharma's deadline for expert reports so that Alpharma's experts may consider all of the evidence and give full opinions.

### A. Pennfield's Attempt to Game the Court's Progression Order Must Be Rejected as an Abuse of the Discovery Process.

Pennfield's only plausible reason for rejecting Alpharma's request to extend the expert report deadline is that Pennfield wants to limit the amount of time Alpharma has to identify expert witnesses and prepare expert reports. On November 1, 2010, Pennfield identified no less than seven (7) expert witnesses. Because these extraordinary numbers of experts overlap in expertise, it is no coincidence that their opinions are redundant. Alpharma will likely move to strike several of the experts and/or seek to limit their testimony for a variety of reasons. However, for the time being, Alpharma must consider presenting a similar number of experts, if for no other reason than to balance the scale. Pennfield wants Alpharma to have as little time as possible to identify and disclose such a large number of expert witnesses.

In view of Alpharma's inability to schedule Pennfield's witnesses for deposition during the month of November, Pennfield's demand for Alpharma to produce expert reports by December 14, 2010 can only be based on a desire to unjustly preclude Alpharma from taking full discovery or limiting the scope of Alpharma's expert opinions.

### B. Pennfield's Intent to Unfairly Limit the Scope of Alpharma's Expert Opinions Is Evidenced By Pennfield's Requirement that a Supplement Only Be As to "Pennfield's Regulatory File."

Pennfield argues that the best solution to the schedule problem is merely to allow

Alpharma to supplement its expert reports. However, Pennfield improperly argues that the scope of Alpharma's supplement must be limited to "Pennfield's regulatory file." (Index of Evidence, Ex. 8, Epstein Ltr. 11/15/10).

First, the scope of Alpharma's supplements must include all of the information contained in the documents Pennfield will produce, not just the FDA regulatory file. The Court has compelled Pennfield to produce several categories of documents, in addition to the regulatory file. In particular, these documents, other than the FDA regulatory file, relate to:

> RFPs Nos. 45, 46, and 47 - The Court finds Pennfield's discontinuance of some of its Pennchlor products from 2006 to 2009 to be a 'market withdrawal' and these products were 'off the market' within the meaning of these RFPs.
>
> RFP Nos. 30-37, 92 and 93 - Identify any third-party advertising firms possessing responsive documents, and to facilitate the production of the responsive documents from the third-party advertising firm.
>
> RFP No. 80 - Documents that refer to any of Pennfield's products bearing the trademark Pennchlor® as generic.
>
> RFA No. 52 - Pennfield is ordered to make a new response, either admitting or denying that NADA 138-935 was subject to FDCA § 512(n).

(Order, Document #199). Certainly, it is impossible for Alpharma's experts to consider information in Pennfield's documents until those documents are produced on December 3, 2010. In addition to Pennfield's regulatory file, Alpharma's expert witnesses must be allowed to consider the other documents Pennfield is being compelled to produce. To do otherwise would be to unjustly reward Pennfield for withholding its documents.

Second, the scope of Alpharma's supplements must include the information that will be discovered during depositions of Pennfield's management team. Alpharma has attempted to depose Pennfield's officers for some time, but has been forced to postpone these depositions until after Pennfield has produced its documents. Now that Pennfield is being compelled to

produce its documents on December 3, 2010, Alpharma has scheduled Pennfield's officers for the week of December 6, 2010. Certainly, Pennfield's management team will testify concerning nearly all of the issues in the case, including Pennfield's regulatory file. In addition to Pennfield's regulatory file, Alpharma's expert witnesses must be allowed to consider the deposition testimony of Pennfield's officers on all subject matters, not just Pennfield's regulatory file. To do otherwise would be to unjustly reward Pennfield for withholding its documents and forcing the postponement of the depositions of its officers.

Third, the scope of Alpharma's supplements must include the information that will be discovered during depositions of Pennfield's expert witnesses. Pennfield's proposal simply denies Alpharma an opportunity to rebut the deposition testimony of the six "technical" expert witnesses Pennfield has offered.

Therefore, the best solution is to extend Alpharma's deadline for expert witnesses. An alternative solution may be to allow Alpharma to supplement its expert opinions with all of the information identified above.

### C. The Delay Caused By Pennfield's Untimely Production of Its FDA File and Other Documents Is Very Different Than The Delay Caused By Alpharma's Late Production of Financial Documents.

Applying an apples-to-oranges standard, Pennfield argues that Alpharma should merely be allowed to "file supplementary reports as to Pennfield's regulatory file" so as to "mirror the procedure in place as to Pennfield's damage experts." (Index of Evidence, Ex. 8, Epstein Ltr. 11/15/2010). As discussed with the Court at the October 25, 2010 hearing, Pennfield's financial damages expert witness was unable to express a full opinion on damages because Alpharma had not produced all of its financial information. The parties agreed that Pennfield would be allowed to supplement its expert report 28 days after Alpharma served its financial information. (Index

of Evidence, Ex. 1, Epstein email 10/28/2010). Alpharma produced its financial information on November 16, 2010; so that Pennfield's supplemental expert report is due on December 15, 2010.

Pennfield's supplement does not "mirror" the Alpharma supplement proposed by Pennfield. Pennfield's financial expert merely needs to supplement as to Alpharma's profits. But, Alpharma's experts would need to supplement as to: (1) Pennfield's regulatory and other documents; (2) testimony of Pennfield's witnesses including: Bill Winstrom, Greg Bergt, and Andrew Winstrom; and (3) testimony of Pennfield's six technical expert witnesses, including: Papich, Henry, Knudson, Milliken, Rothman, and Steneck.

IV. **An Extension of All Deadlines, Including Trial, Is Warranted Because Pennfield's Discovery Deadlines Relative to Financial Information Have Already Been Extended Into February and Now Need to Be Extended Further Into March Because of Scheduling Conflicts of Alpharma's Financial Expert Witness.**

For the damage issues in the case, discovery is already extended beyond the February 1, 2011 discovery cut-off. In response to Pennfield's earlier motion to modify the amended final progression order, the Court ordered, "Pursuant to the parties' agreement that Pennfield may supplement its expert reports regarding the issue of damages (*See* Pennfield's Designation of Expert Witnesses, Filing 183, ¶ 7), Pennfield's motion to modify the amended final progression order per agreement of the parties (Filing No. 165) is granted." (Order, Document #199). The parties agreed that Pennfield would have 28 days to serve a supplemental report after Alpharma produced its financial documents. (Index of Evidence, Ex. 1, Epstein Email 10/28/10). Alpharma produced its financial information on November 17, 2010. Applying the 28-day-deadline, the discovery schedule as to damages would look as follows:

| Description of Deadline | ORIGINAL DEADLINE (Doc. # 28) | AMENDED DEADLINE (Doc. # 85) | EXTENDED DEADLINE (Doc. # 199) |
|---|---|---|---|
| Plaintiff's Expert Witness Report - Damages | Aug. 2, 2010 | Nov. 1, 2010 | |
| Defendant's Expert Witness Report - Damages | Sept. 14, 2010 | Dec. 14, 2010 | |
| Plaintiff's Supplemental Expert Witness Report - Damages | | | Dec. 15, 2010 |
| Defendant's Supplemental Expert Witness Report - Damages | | | Jan. 12, 2011 |
| Plaintiff's Expert Witness Report Necessary to Refute Defendant's Supplemental Expert Report - Damages | | | Feb. 2, 2011 |
| Expert Discovery Cut-Off - Damages | | | Feb. 23, 2011 |

However, that schedule does not work for Alpharma. Alpharma's financial expert witnesses have advised us that they will be in multiple trials of other cases the first two weeks of January 2011. As noted above, Pennfield's supplement to its financial expert report is due on December 15, 2010. If Alpharma's rebuttal expert report is due 28 days later, on January 12, 2011, the expert witnesses will have no time to prepare a rebuttal report given the Christmas holiday and their trial schedule. Thus, whatever the schedule going forward, Alpharma requests leave to give its financial expert witnesses additional time. To accommodate their schedule, Alpharma's deadline to issue financial expert reports would need to be extended until February 14, 2011. As a result, the "Expert Discovery Cut-Off - Damages" would need to be extended into March of 2011. With this discovery schedule already in place, it is necessary to move the trial date.

VI. **An Extension of All Deadlines, Including Trial, Is Warranted Because It Is Necessary to Extend Alpharma's Deadlines Relative to All Information Pennfield Is Being Compelled to Produce By December 3, 2010.**

An extension of the trial date is also warranted because Alpharma needs additional time

to seek fact and expert discovery on the documents that Pennfield is compelled to produce under the Court's order by December 3, 2010. (*See* Sections I - III above).

In general terms, Pennfield agrees that Alpharma needs to be given additional time to conduct discovery associated with the documents that Pennfield is being compelled to produce by December 3, 2010. (See Order, Document #199). In general terms, Pennfield further agrees that discovery deadlines associated with the documents that Pennfield is being compelled to produce by December 3, 2010 need to be extended beyond the current February 1, 2011 discovery cut-off date. However, the parties dispute the scope of what Alpharma would be allowed to supplement in light of Pennfield's late document production. (*See* Sections I through III above). The parties also disagree as to whether an extension of discovery deadlines yields a workable schedule.

Pennfield proposed to work with supplemental expert discovery reports. However, Alpharma believes that such schedule is not workable because it would short-cut Alpharma's opportunities for fact and expert discovery relative to documents that Pennfield is compelled to produce by December 3, 2010. Such schedule would also be detrimental to Alpharma's time to prepare for trial. Were such schedule to be adopted, Pennfield would have benefited from producing key documents late in the case. To illustrate for the Court, such a non-workable schedule would look as follows:

| **Description of Deadline** | **ORIGINAL DEADLINE (Doc. # 28)** | **AMENDED DEADLINE (Doc. # 85)** | **COMPEL DEADLINE (Doc. # 199)** | **PROPOSED DEADLINE** |
|---|---|---|---|---|
| Plaintiff Produce Documents | | | Dec. 3, 2011 | |
| Depose Andrew Winstrom - Former Pennfield President | | | | Dec. 7, 2010 |
| Depose Bill Winstrom - Current Pennfield CEO | | | | Dec, 9, 2010 |
| Depose Greg Bergt - | | | | Dec. 10, 2010 |

| | | | | |
|---|---|---|---|---|
| Pennfield FDA Officer | | | | |
| Defendant's Expert Witness Reports | Sept. 14, 2010 | Dec. 14, 2010 | | |
| Defendant's Supplemental Expert Witness Report - as to evidence responsive to Court Order, Doc #199, Pennfield Mgmt Team Depos, and Pennfield Expert Depos | | | | Jan. 14, 2011 |
| Plaintiff's Expert Witness Report Necessary to Refute Defendant's Supplemental Expert Report - - as to evidence responsive to Court Order, Doc #199, Pennfield Mgmt Team Depos, and Pennfield Expert Depos | | | | Feb. 14, 2011 |
| Expert Discovery Cut-Off - - as to evidence responsive to Court Order, Doc #199, Pennfield Mgmt Team Depos, and Pennfield Expert Depos | | | | March 1, 2011 |

Thus, under Pennfield's schedule the parties would be doing expert depositions until three weeks before trial (currently set for March 21, 2011). Further, as noted above, the parties do not agree as to the scope of what Alpharma's expert witnesses would be allowed to address in their supplemental expert reports. Because this "supplemental report" idea does not appear to be a workable solution, Alpharma requests an extension of the trial date.

**VI. Alpharma Requests that Trial Be Postponed and Offers an Amended Discovery Schedule.**

For all the foregoing reasons, Alpharma requests that all upcoming deadlines, including the trial date, be extended. Subject to availability on the court's calendar, Alpharma requests that the trial date be extended three months and proposes that the remaining deadlines are adjusted as indicated in the table below.

**ALPHARMA INC.'S BRIEF IN SUPPORT OF**
**MOTION TO MODIFY AMENDED FINAL PROGRESSION ORDER**

14

The parties have already scheduled for deposition Pennfield's fact witnesses and many of Pennfield's expert witness as follows:

   Dec. 1 - Dr. Nicholas Steneck, Pennfield technical expert witness
   Dec. 7 - Andrew Winstrom, Pennfield's former President
   Dec. 8 - Tracey Mumford, Pennfield's financial administrator
   Dec. 9 - Bill Winstrom, Pennfield's CEO and former Chairman of the Board
   Dec. 10 - Greg Bergt, Pennfields FDA regulatory administrator
   Dec. 21 - Dr. Mark Papich, Pennfield technical expert witness
   Dec. 28 - Dr. Brad Knudson, Pennfield technical expert witness
   Jan. 6 - Dr. Steve Henry, Pennfield technical expert witness
   Jan. 7 - Dr. George Milliken, Pennfield technical expert witness

Assuming Alpharma is permitted to conduct this discovery as scheduled, Alpharma proposes to amend the Amended Final Progression Order (Document # 85) as follows.

| Type of Deadline | Current Deadline (Doc. # 85) | Proposed Deadline |
|---|---|---|
| Plaintiff's Supplemental Expert Witness Report - Damages | | Dec. 15, 2010 |
| Defendant's Expert Witness Reports | Dec. 14, 2010 | Jan. 14, 2011 |
| Defendant's Expert Witness Reports - Damages (*because of witness conflict with other trials*) | | Feb. 14, 2011 |
| Pennfield's Expert Witness Reports - Counterclaims | | Feb. 14, 2011 |
| Nonexpert Witness Designations | Dec. 31, 2010 ["30 days prior to deposition deadline"] | Feb. 23, 2011 ["30 days prior to deposition deadline"] |
| Additional expert reports necessary to refute disclosed opinions of opponent's expert | Jan. 14, 2011 ["not later than fifteen (15) days prior to the date set for completion of depositions"] | March 4, 2011 ["not later than ~~fifteen (15)~~ *twenty-one (21)* days prior to the date set for completion of depositions"] |
| Discovery Deadline | Feb. 1, 2011 | March 25, 2011 |
| Motions challenging expert witness testimony | Jan. 1, 2011 | April 15, 2011 |
| Motions for Summary Judgment | Jan. 21, 2011 | April 29, 2011 |
| Pre-trial motions which require evidentiary hearing under FRE 104 | Feb. 8, 2011 ["not later than five (5) working days following the | May 11, 2011 ["not later than five (5) working days following the |

|  | deadline for the completion of depositions"] | deadline for the completion of <u>expert</u> depositions"] |
|---|---|---|
| Trial Exhibit Lists | Feb. 25, 2011 ["5 working days before final pretrial conference"] | May 27, 2011 ["5 working days before final pretrial conference"] |
| Deposition Designations | Feb. 25, 2011 ["5 days before final pretrial conference"] | May 27, 2011 ["5 days before final pretrial conference"] |
| Complete Proposed Final Pretrial Order | Prior to March 4, 2011 | Prior to June 3, 2011 |
| Final Pretrial Conference | March 4, 2011 | June 3, 2011 |
| Trial | March 21, 2011 | June 20, 2011 |

## REQUEST FOR EXPEDITED HEARING

In light of the immanent deadlines for fact and expert discovery, Alpharma requests an expedited briefing schedule.

## CONCLUSION AND PRAYER

WHEREFORE, Alpharma requests that the Court modify its Amended Final Progression Order as proposed herein and grants such further relief as appropriate.

Dated: November 19, 2010.

Respectfully submitted

By: s/R. William Beard, Jr.
Franz Michael Stenglein
Texas State Bar No. 00791729
*Admitted Pro Hac Vice*
R. William Beard, Jr.
Texas State Bar No. 00793318
*Admitted Pro Hac Vice*
KING & SPALDING LLP
401 Congress Avenue, Suite 3200
Austin, Texas 78701
Telephone: (512) 457-2000
Facsimile: (512) 457-2100
Email: MStenglein@kslaw.com
Email: WBeard@kslaw.com

William M. Lamson, Jr.
Nebraska State Bar No. 12374
David J. Schmitt
Nebraska State Bar No. 19123
Lamson, Dugan & Murray
10306 Regency Parkway Drive
Omaha, Nebraska 68114
Telephone: (402) 397-7300
Facsimile: (402) 397-7824
Email: wlamson@ldmlaw.com
Email: dschmitt@ldmlaw.com

*Attorneys for Defendant and Counterclaim-Plaintiff, Alpharma Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of November, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

>Brien N. Welch
>Daniel J. Epstein
>David A. Blagg
>Cassem, Tierney, Adams, Gotch & Douglas
>8805 Indian Hills Drive, Suite 300
>Omaha, Nebraska 68114
>bwelch@ctagd.com
>depstein@ctagd.com
>dblagg@ctagd.com

>s/R. William Beard, Jr.
>R. William Beard, Jr.